IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| MARTHA S. BURKS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | |
| | : | 1 : 12-CV-47 (WLS) |
| CAROLYN W. COLVIN[1], | : | |
| Commissioner of Social Security, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## RECOMMENDATION

Plaintiff, who is proceeding *pro se*, filed this Social Security appeal on April 6, 2012, challenging the Commissioner's final decision denying her application for disability benefits, finding her not disabled within the meaning of the Social Security Act and Regulations. (Doc. 1). Jurisdiction arises under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

## LEGAL STANDARDS

In reviewing the final decision of the Commissioner, this Court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983); *Hoffman v. Astrue*, 259 Fed. Appx. 213, 216 (11th Cir. 2007). The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue.

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013, and is substituted for former Commissioner Michael J. Astrue as Defendant herein. 42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d).

*Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991).

In reviewing the ALJ's decision for support by substantial evidence, this Court may not reweigh the evidence or substitute its judgment for that of the Commissioner.  "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence."  *Bloodsworth*, 703 F.2d at 1239.  "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal."  *Cornelius*, 936 F.2d at 1145-1146.

Under the regulations, the Commissioner evaluates a disability claim by means of a five-step sequential evaluation process.  20 C.F.R. § 404.1520.  In Step One, the Commissioner determines whether the claimant is working.  In Step Two, the Commissioner determines whether a claimant suffers from a severe impairment which significantly limits her ability to carry out basic work activities.  At Step Three, the Commissioner evaluates whether the claimant's impairment(s) meet or equal a listed impairment in Appendix 1 of Part 404 of the regulations.  At Step Four, the Commissioner determines whether the claimant's residual functional capacity will allow a return to past relevant work.  Finally, at Step Five, the Commissioner determines whether the claimant's residual functional capacity, age, education, and work experience allow an adjustment to other work.

*Administrative Proceedings*

Plaintiff filed an application for a period of disability and disability insurance benefits on November 17, 2008. (Tr. 113, 208-209).  Her claims were denied initially and upon reconsideration. (Tr. 113-114).  A video hearing was held before an Administrative Law Judge ("ALJ" who presided

from Macon, Georgia on September 9, 2010. (Tr. 31-70). Thereafter, in a hearing decision dated September 23, 2010, the ALJ determined that Plaintiff was not disabled. (Tr. 8-26). The Appeals Council subsequently denied review and the ALJ's decision thereby became the final decision of the Commissioner. (Tr. 1-3).

*Statement of Facts and Evidence*

The Plaintiff was fifty-three (53) years of age at the time of the hearing before the ALJ, and alleged disability since January 24, 2008, due to chronic lower back problems, Post-Traumatic Stress Disorder ("PTSD"), and Meniere's disease. (Tr. 38, 258, 269). Plaintiff testified that she completed high school and completed an electronics program at Albany Technical, and the ALJ found Plaintiff has past relevant work experience as a forklift operator and a machine operator. (Tr. 24, 38).

As determined by the ALJ, Plaintiff suffers from "the following severe combination of impairments: post-traumatic stress disorder; depressive disorder; substance abuse disorder; lumber degenerative disc disease; osteoarthritis; possible Ménière's disease with hearing loss; cervical spondylosis; and, essential hypertension[.]" (Tr. 11). The ALJ found that Plaintiff did not have an impairment or combination thereof that met or medically equaled a listed impairment, and she remained capable of performing a reduced range of light work. (Tr. 11). Although Plaintiff could not return to her past relevant work, the ALJ considered the Plaintiff's age, education, work experience, and residual functional capacity, and applied the Medical-Vocational Guidelines to determine that Plaintiff remained capable of performing other jobs that existed in significant numbers in the national economy. (Tr. 24-26).

## DISCUSSION

In her brief challenging the Commissioner's decision, Plaintiff appears to allege that the ALJ erred by not finding Plaintiff disabled when evidence from the Veterans Administration

("VA") shows that Plaintiff has a one hundred percent (100%) disability rating with special monthly compensation as a result of her Post Traumatic Stress Disorder ("PTSD").  (Doc. 11).

Specifically, Plaintiff may be alleging that the ALJ erred when she did not rely on VA disability determinations contained in the record.  In a December 2009 VA assessment, Plaintiff was assigned a seventy percent (70%) service-connected disability rating.  (Tr. 734).  In her decision, the ALJ stated that she did not consider the VA's determination of Plaintiff's disability level because Social Security disability determinations are reserved to the Commissioner.  (Tr. 23).  "[A] determination made by another agency that [a claimant is] disabled or blind is not binding on [the Commissioner of Social Security]." 20 C.F.R. § 404.1504; *see also Smith v. Astrue*, 2009 WL 3157639, * 6 (M.D. Fla., Sept. 25, 2009).  The ultimate responsibility for deciding if a claimant is disabled is reserved to the Commissioner.  20 C.F.R. § 416.927(d).  Accordingly, the ALJ did not err when she did not rely on the VA's determination of disability.

Plaintiff also filed a March 4, 2011 VA Rating Decision with the Court.  (Doc. 13).  It appears Plaintiff has submitted this new evidence as a request for remand pursuant to Sentence Six of § 405(g).  "Sentence six of section 405(g) provides the sole means for a district court to remand to the Commissioner to consider new evidence presented for the first time in the district court[.]" *Ingram v. Commissioner of Social Sec. Admin.*, 496 F.3d 1253, 1267 (11th Cir. 2007).  "A remand to the Commissioner is proper under sentence six when new material evidence that was not incorporated into the administrative record for good cause comes to the attention of the district court." *Id.*  To obtain a remand, the plaintiff must show that: 1) the evidence is new and noncumulative; 2) the evidence is material, "that is, relevant and probative so that there is a reasonable possibility that it would change the administrative result"; and 3) there was good cause for the failure to submit the evidence to the ALJ.  *Caulder v. Bowen*, 791 F.2d 872, 877 (11th Cir.

1986).

The new evidence states that the VA erred by not providing Plaintiff with special monthly compensation from March 13, 2006 until April 30, 2006, a time period wherein Plaintiff had been hospitalized. (Doc. 13, p. 4). The newly submitted evidence only corrects an error regarding the compensation Plaintiff should have received during March and April of 2006; it does not provide new evidence regarding the severity of Plaintiff's impairments. Plaintiff has not shown that there is a "reasonable possibility that [the new evidence] would change the administrative result". *See Caulder*, 791 F.2d at 877. Therefore, the 2011 Rating Decision is not material, and a remand pursuant to Sentence Six of § 405(g) is not warranted.

## CONCLUSION

As the Commissioner's final decision in this matter is supported by substantial evidence and was reached through a proper application of the legal standards, it is the recommendation of the undersigned that the Commissioner's decision be **AFFIRMED** pursuant to Sentence Four of § 405(g). Further, it is the undersigned's recommendation that a remand pursuant to Sentence Six of § 405(g) is not warranted.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this Recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO RECOMMENDED** this 6th day of June, 2013.

s/ *THOMAS Q. LANGSTAFF*
**UNITED STATES MAGISTRATE JUDGE**

llf